IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIELLE EVERETT<br>2209 T Pl, SE<br>Washington, DC 20020<br><br>*On Behalf of Herself and*<br>*All Others Similarly situated*<br><br>PLAINTIFF,<br><br>v.<br><br>PP&G, INC.<br>D/B/A NORMA JEANS<br>10 Custom House Avenue<br>Baltimore, Maryland 21202<br><br>SERVE: Robert B. Schulman, Esquire<br>Suite 1800<br>401 East Pratt Street<br>Baltimore, Maryland 21202<br><br>And<br><br>LISA IRELAND<br>11933 Thurloe Drive<br>Lutherville, Maryland 21093<br><br>And<br><br>PETER IRELAND<br>11933 Thurloe Drive<br>Lutherville, Maryland 21093<br><br>DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*     Case No.: _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiff Danielle Everett ("Plaintiff"), by and through undersigned counsel, on behalf of herself and all others similarly situated, hereby submits her Class Action and Collective Action Complaint against Defendants PP&G, Inc. d/b/a Norma Jeans ("Norma Jeans"), Lisa Ireland ("L. Ireland"), and

Peter Ireland ("P. Ireland") (collectively, "Defendants') to recover unpaid wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter, "MWHL").

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia. By acting as the named Plaintiff in this action, Plaintiff hereby consents to participate as a Plaintiff in an FLSA collective action.

2. Norma Jeans is a corporation formed under the laws of the State of Maryland with its principal place of business located in Baltimore, Maryland. At all time Norma Jeans has done business as an exotic dance club in Baltimore, Maryland.

3. L. Ireland and P. Ireland are the primary owners and officers of Norma Jeans. At all times, L. Ireland and P. Ireland were together in charge of the day-to-day operations of Norma Jeans. At all times, L. Ireland and P. Ireland made all decisions relating to Plaintiff's misclassification as an independent contractor and Plaintiff's rate and method of pay. At all times, L. Ireland and P. Ireland were responsible for maintaining all employment records for Plaintiff and all other similarly situated exotic dancer employees.

4. All three (3) Defendants were Plaintiff's "employers" for purposes of the FLSA and MWHL.

5. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

6. At all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

9. Plaintiff was employed by Defendants from about 2009 through about August 15, 2012.

10. Plaintiff then became employed by Defendants for a second time from about February 15, 2013 through the present.

11. While in Defendants, employ, Plaintiff has performed work duties at Defendants' Norma Jeans exotic dance club in Baltimore, Maryland.

12. At all times, Plaintiff has typically and customarily worked about twenty (20) or more hours per week.

13. At all times, Defendants have had knowledge of all hours Plaintiff worked per week and suffered or permitted Plaintiff to work about twenty (20) or more hours per week.

14. At all times throughout Plaintiff's employment, Defendants totally failed to pay Plaintiff any wages for work duties performed.

15. At all times throughout Plaintiff's employment, Plaintiff and all other exotic dancer employees were employees of Defendants and were never independent contractors.

16. While it is true that Defendants titled or classified Plaintiff and other exotic dancer employees as independent contractors, at all times while working for Defendants, Plaintiff and other exotic dancer employees considered themselves as employees of Defendants and that Defendants were

their employers.

17. At all times while Plaintiff was employed by Defendants, Defendants controlled all aspects of Plaintiff's job duties and the job duties of other exotic dancer employees through strictly enforced employment rules.

18. Defendants hired Plaintiff and other exotic dancer employees and, at all times, had the ability to discipline them, fine them, fire them, and adjust each of their schedules.

19. Defendants, at all times, supervised Plaintiff's work duties and the work duties of other exotic dancer employees to make sure Plaintiff's job performance and the job performances of other exotic dancer employees was of sufficient quality.

20. At all times, Plaintiff's pay and opportunity for wages and the pay and opportunity for wages of other exotic dancer employees have been limited to the pay method set exclusively by Defendants.

21. Defendants controlled all aspects of setting and enforcing the work schedule for Plaintiff and other exotic dancer employees.

22. Plaintiff and other exotic dancer employees were never able to make more money or enjoyed more financial benefits if Defendants were operating successfully and realizing increased or additional profits.

23. At no time did Plaintiff or any other exotic dancer employee make a financial investment in Defendants business operation or any equipment belonging to Defendants.

24. To perform the work duties that Plaintiff and other exotic dancer employees performed for Defendants, Plaintiff and other exotic dancer employees did not have or need any required certificate, education, or specialized training.

25. At all times while Plaintiff has been employed by Defendants, Defendants have been in the business of operating a night club featuring exotic dancers.

26. At all times while Plaintiff has been employed by Defendants, Plaintiff's job duties and the job duties of all other exotic dancer employees wave been directly related to exotic dancing performances for Defendants' customers.

27. Plaintiff and other exotic dancer employees did not perform work that is exempt from the minimum wage requirement of the FLSA or MWHL.

### FEE AND FINE SYSTEM

28. In addition to failing to pay Plaintiff and other exotic dancer employees' wages for hours worked, Defendants enforced a series of charges, fees and fines requiring Plaintiff and other exotic dancer employees to actually pay Defendant to start their work shift and a significant portion of the money they received as tips from customers.

29. On a typical shift, Plaintiff and other exotic dancer employees actually paid Defendants, through fines, fees, and charges, approximately fifty dollars ($50.00) or more. The fines and fees paid by Plaintiff and other exotic dancer employees to Defendants included a mandatory "tip-in" and/or "tip out" to Defendants, mandatory tip sharing of Plaintiff's and other exotic dancer employees' tips to Defendants' non-tipped employees, deductions by Defendants from Plaintiff's and other exotic dancer employees' tips received from Defendants' customers for each performance of private and semi-private dances, and general and often substantial deductions for fees, fines, and charges associated with violating Defendants' employment rules.

30. The net result of Defendants' fee and fine system was the regular hourly rate for Plaintiff and other exotic dancer employees is actually properly calculated in the negative.

## CLASS ACTION ALLEGATIONS

31. The Class and the Class Members are defined as individuals that meet the following definition:

    i. Current and former exotic dancer employees who worked as exotic dancers at Norma Jeans at any time between January 14, 2011 and the present; and

    ii. Who were misclassified by Defendants as independent contractors; and

    ii. Who were not paid by Defendants for all hours worked at an hourly at least equal to the hourly rate required by the MWHL.

32. On information and belief, during the period of Plaintiff's employment, Defendants employed fifty (50) or more exotic dancer employees who meet the Class and Class Member definition.

33. The MWHL claims arising under this Complaint are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

34. The Class and Class Members is believed to be at least fifty (50) or more current and former exotic dancer employees of Defendants, making joinder of all members impracticable.

35. The named Plaintiff will adequately represent the interest of the class members because she are similarly situated to the class members and her claims are typical of, and concurrent to, the claims of the other class members.

36. There are no known conflicts of interest between the Plaintiff and the other class members.

37. Class counsel, Gregg C. Greenberg and The Zipin Law Firm, LLC, are qualified and able to litigate Plaintiff's and the class members' claims.

38. The law firm that represents Plaintiff and the class members concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under Federal and Maryland wage laws.

39. Common questions of law and fact predominate in this action because all of the class' claims implicate the same wage laws of the State of Maryland.

40. The class action is maintainable under Federal Rule 23 because the class action is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.

41. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class, and adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

42. Absent this action, Plaintiff and the class members likely will not obtain redress of their injuries and Defendants would retain the proceeds of their violations of the laws of Maryland.

## COLLECTIVE ACTION ALLEGATIONS

43. In addition to pursuing this action as a Class Action for MWHL violations under Federal Rule of Civil Procedure 23, Plaintiff is pursuing this action as an FLSA collective action on behalf of herself and all other similarly situated individuals.

44. The collective action includes

   i. Current and former exotic dancer employees who worked as exotic dancers at Norma Jeans at any time between January 14, 2011 and the present; and

   ii. Who were misclassified by Defendants as independent contractors; and

  ii. Who were not paid by Defendants for all hours worked at an hourly at least equal to the hourly rate required by the FLSA.

45. In the present case, the questions of law or fact common to the members of the collective action class predominate over any questions affecting only individual collective action class members.

46. The essence of this entire case is the Plaintiff and other similarly situated individuals were improperly classified as independent contractors, were paid no wages for hours worked, and were subject to a series of unlawful fees and fines resulting in Plaintiff and each putative class member receiving a "net negative" regular hourly rate for all hours worked each week.

47. Common to Plaintiff and all collective action class members is that each individual received wages from Defendants at a rate less than what is required by the FLSA for all hours worked each week.

48. Specifically, Plaintiff and each collective action class member is seeking the difference between their net-negative regular hourly rates and the FLSA required rate and statutory damages under the FLSA.

49. In the present case, the number of collective action class members is believed to exceed fifty (50) current and former exotic dancer employees.

50. All class members are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

51. Plaintiff re-allege and reassert each and every allegation set forth in Paragraphs 1-50 above as if each were set forth herein.

52. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

53. At all times, Plaintiff and other exotic dancer employees were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1).

54. At all times, all three Defendants was Plaintiff's "employers" and the employers of other exotic dancer employees under the FLSA.

55. Defendants, as employers for Plaintiff and other exotic dancer employees, were obligated to compensate Plaintiff and other exotic dancer employees for all hours worked at an hourly rate not less than the Federal Minimum Wage.

56. At all times, Defendants paid Plaintiff and other exotic dancer employees no wages for hours worked.

57. More exactly, when the fees and fines that Defendants deducted from Plaintiff's personal monies and the personal monies of other exotic dancers are factored in, Defendants paid Plaintiff and other exotic dancer employees a net average hourly rate equal to approximately negative seven dollars and fifty cents (-$7.50) per hour.

58. The net negative hourly rate paid by Defendants to Plaintiff and other exotic dancer employees fell below the applicable Federal Minimum Wage.

59. At all times, Defendants had actual knowledge that Plaintiff and other exotic dancers were in fact employees and were never contractors.

60. At all times, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiff and other exotic dancers was less than the compensation method and amount required by the FLSA.

61. Defendants' failure and refusal to pay compensation to Plaintiff and other exotic dancer employees as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of Maryland Wage and Hour Law

62. Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-61 above, as if each were set forth herein.

63. Plaintiff and other exotic dancer employees were "employees" and all three (3) Defendants were Plaintiff's "employers" and "employers" of other exotic dancer employees within the meaning of MWHL.

64. As "employers" for Plaintiff and other exotic dancer employees, Defendants were obligated to pay Plaintiff and other exotic dancer employees wages at least equal to $7.25 per hour, the Maryland Minimum Wage.

65. As set forth above, while in Defendants' employ, Plaintiff and other exotic dancer employees worked many hours for which Defendants failed and refused to properly compensate Plaintiff and other exotic dancer employees as required by the MWHL for all hours worked.

66. Unpaid minimum wage compensation is therefore due and owing to Plaintiff and other exotic dancer employees under the MWHL.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all other similarly situated individuals) under Count II for unpaid wages in such amounts as are proven at trial, plus interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any

other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 17291
The Zipin Law Firm, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zipinlaw.com

*Counsel for Plaintiff*
