IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIELLE EVERETT, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-14-0102 |
| PP&G, INC., et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Danielle Everett, Lakisha Colbert, and Tamika McKay, on behalf of themselves and others similarly situated, sued the Defendants PP&G, Inc., doing business as Norma Jeans, and Peter Ireland for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *at seq.*, and the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-401, *et seq.* Pending before this Court is Defendant Peter Ireland's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment of Plaintiffs' First Amended Class Action and Collective Action Complaint (ECF No. 15) (the "Motion"). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Defendant's Motion is GRANTED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

For purposes of a motion to dismiss, this Court accepts as true the well-pled, non-conclusory factual allegations in a plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Defendant PP&G, Inc. operates Norma Jeans, an exotic dance club in

Baltimore, Maryland ("Norma Jeans" or the "Club").  Am. Compl. ¶ 2.  The named Plaintiffs are dancers who performed at Norma Jeans at various times between 2009 and the present.  *Id.* ¶¶ 13-16.  The Plaintiffs typically worked between twenty and thirty hours per week.  *Id.* ¶ 17.  During that time, the Plaintiffs were not paid a wage by Norma Jeans, but rather received money directly from patrons of the club.  *Id.* ¶¶ 19, 34-35.  They were also subject to a fee and fine system.  *Id.* ¶ 33.  The Plaintiffs were required to pay money to the Club to start their shifts, and "tip in" a portion of the money received from patrons to Club employees such as the "house mom" and other "non-tipped" employees.  *Id.* ¶ 34.  After a typical shift, the Plaintiffs had to pay approximately $65.00 or more to the Club out of the amount they received from customers.  *Id.* ¶¶ 33-34.  The Plaintiffs state that Norma Jeans controlled all aspects of their job duties, had the ability to hire and fire them, set their schedules, and determined the method by which they could be paid.  *Id.* ¶¶ 22-26.

The Plaintiffs also make certain allegations as to Defendant Peter Ireland.  They state that at all relevant times, Ireland had a "personal or family financial interest in Norma Jeans and has held himself out to the public and to the media as an owner and the individual in charge of Norma Jeans," "has been a high level manager," has been in charge or managing and controlling . . . managers who oversee day-to-day operations," resolved "all important business operation questions," and "made all decisions relating to Plaintiffs' misclassification as independent contractors resulting in the wage claims alleged herein."  *Id.* ¶¶ 3-7.  This is the totality of their allegations against Ireland.  The Plaintiffs allege that although they were classified by the Defendants as independent contractors, they were in fact employees.  *Id.* ¶¶ 20-21.

On January 14, 2014, the Plaintiffs filed a hybrid FLSA collective action and class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for violations of the MWHL.  The Plaintiffs sue on behalf of at least fifty other current or former dancers whom they allege are similarly situated.  *Id.* ¶¶ 36-39, 48-50.  The Plaintiffs originally filed against PP&G, Inc., Lisa Ireland, and Peter Ireland.  PP&G, Inc. filed an Answer and Counterclaim, and Lisa and Peter Ireland moved to dismiss.  The Plaintiffs then filed an Amended Complaint, naming only PP&G, Inc. and Peter Ireland, thereby mooting the original Motions to Dismiss (ECF Nos. 7 & 8).  PP&G again filed an Answer and Counterclaim, which the Plaintiffs answered.  Peter Ireland filed the pending Motion to Dismiss, or in the Alternative, for Summary Judgment.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999))).  The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In *Twombly*, the

Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.*; *Walters*, 684 F.3d at 439 ("The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." (citing *Iqbal*, 556 U.S. at 678.)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has "nudged his claim across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679, 683 (citations, internal quotation marks, and alterations omitted).

## ANALYSIS

The Plaintiffs in this case have not stated facts sufficient to allege a plausible claim against Ireland. The Amended Complaint only states, in conclusory fashion, that Ireland exhibited the characteristics that have been held by courts to indicate an employer-employee relationship. While the Plaintiffs are not required to forecast evidence that will prove their case, these vague generalizations provide no actual factual allegations as to Ireland's conduct from which it could be inferred that he is liable to the Plaintiffs. For instance, the Plaintiffs state that Ireland has held himself out to the media and the public as the owner of Norma Jeans, but state no factual examples of such conduct. Likewise, the Plaintiffs allege that Ireland made all decisions relating to their "misclassification" as independent contractors without stating any facts related to such "decisions" that could nudge their claims against Ireland across the line from merely conceivable to plausible. These bald assertions are more accurately categorized as legal conclusions that are not worthy of deference under Rule 12(b)(6). *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) ("[Courts] need not accept the legal conclusions drawn from the facts, and [ ] need not accept as true unwarranted inferences, unreasonable conclusions or arguments.") (citation and internal quotation marks omitted). In sum, the Plaintiffs fail to state a claim upon which relief can be granted against Defendant Peter Ireland.

To be clear, this Court is not ruling at this stage on the merits of any claim that may exist against Ireland; summary judgment in his favor is not warranted at this juncture. If, during discovery, facts that could not have been previously discovered despite the exercise of diligence by the Plaintiffs come to light, and that may cure the deficiencies noted above,

the Plaintiffs may move for leave to amend their Amended Complaint pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure.  As the case now stands, however, Defendant Peter Ireland is entitled to be dismissed.

## CONCLUSION

For the reasons stated above, Defendant Peter Ireland's Motion to Dismiss (ECF No. 15) is GRANTED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A separate Order follows.


Dated:  June 5, 2014                              /s/
                                        Richard D. Bennett
                                        United States District Judge