IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIELLE EVERETT, ET AL. | * |
| | * |
| *On Behalf of Themselves and* | * |
| *All Others Similarly Situated* | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | *   Case No.:  1:14-cv-102-RDB |
| | * |
| PP&G, INC. | * |
| | * |
| DEFENDANT. | * |

*******************************************************************************

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO FACILITATE IDENTIFICATIONAND NOTIFICATION OF <u>SIMILARLY-SITUATED EMPLOYEES</u>**

Plaintiffs hereby submit this Reply Memorandum to Defendant's Opposition to Plaintiffs' Motion for Conditional Certification and to Facilitate the Identification and Notification of Similarly Situated Exotic Dancer Employees pursuant to the collective action provision of the Federal Fair Labor Standards Act ("FLSA").  In its Opposition, Defendant contends that Plaintiffs falls short on their proof as to the modest "similarly situated" burden.  Further, Defendant attempts to argue that the Proposed Notice submitted by Plaintiffs is deficient.  Neither defense argument holds merit.  Plaintiffs have supplied the Court with sufficient pleadings and supporting declarations to establish Defendant perpetrated a common misclassification of all of its exotic dancers as "independent contractors" and not as "employees." Plaintiffs have further alleged and affirmed that this common and class-wide misclassification violated the FLSA minimum wage rights of Plaintiffs and other similarly situated exotic dancers who performed at Defendant's Norma Jeans exotic dance club between

January 2011 and the present. For this reason, as detailed and supported in Plaintiff's Motion, and further described below, Plaintiff's Motion should be granted.

**I.       PLAINTIFFS HAVE MET AND SURPASSED THEIR MODEST BURDEN FOR § 216(B) NOTICE TO POTENTIAL PLAINTIFFS**

Plaintiffs seek conditional certification and Court-supervised Notice to all current and former exotic dancers who worked for Defendant at its Norma Jeans exotic dance club at any time from January 2011 to the present. At this first stage of the two-stage certification approach, courts determine whether plaintiffs and potential opt-ins are "similarly situated" based upon the allegations in a complaint supported by sworn statements.[1] *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *Brooks v. Bellsouth Telecom.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995). The record need only be sufficiently developed to allow court-facilitated notice based upon substantial allegations or some factual support. *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).[2]

"To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Barnett v. Countrywide Credit Indust., Inc.*, 2002 WL 1023161 (N.D. Tex. 2002), 2002 WL 1023161, at *1 (internal quotation marks and brackets omitted). Evidence of a single decision, policy, or plan will meet the similarly situated

---

[1] *See, e.g., Brown v. Money Tree Mortg. Inc.,* 222 F.R.D. 264, 680 (D. Kan. 2004) (two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab v. Electronic Arts,* 214 F.R.D. 623, 628 (D. Colo. 2002) (allegations in complaint); *Allen v. Marshall Field & Co.,* 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient); *De Asencio v. Tyson Foods, Inc.,* 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (four affidavits); *Camper v. Home Quality Mgmt, Inc.,* 200 F.R.D. 516, 519-21 (D. Md. 2000) (sworn testimony from two deponents and two declarations); *Zhao v. Benihana,* 2001 U.S. Dist. LEXIS 10678 at *12-*13 (S.D. N.Y. 2001) (one affidavit based on plaintiff's "best knowledge"); *Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal. 2005) (allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated); *Alba v. Madden Bolt Corporation*, 2002 WL 32639827 (S.D. Tex. 2002) (one affidavit sufficient); *Schwartz v. MCI Telecom. Corp.*, (S.D. Tex. 1999) (one affidavit sufficient).

[2] *See also Sperling v. Hoffmann-La Roche, Inc.,* 118 F.R.D. 392, 407 (D. N.J. 1988); *Church v. Consolidated Freightways, Inc.,* 137 F.R.D. 294 (N.D. Cal. 1991).

standard, *Sperling v. Hoffmann-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988*)*, a unified policy, plan, or scheme is not required to satisfy the more liberal "similarly situated" requirement of the FLSA. *Grayson,* 79 F.3d at 1096. Accordingly, "[a] court may deny a plaintiff's right to proceed collectively <u>only if</u> the action arises from circumstances <u>purely personal</u> to the plaintiff, and not from any generally applicable rule, policy, or practice." *Donohue v. Francis Services, Inc.*, 2004 WL 1161366 (E.D. La. 2004) (emphasis added, citations omitted).

Courts regularly consider an across-the-board decision to treat a discrete category of employees as exempt to be sufficient to warrant conditional certification and notice to all those in the same job category. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008) ("There is nothing unfair about litigating a single corporate decision [to classify employees as exempt] in a single collective action…"); *Kane v. Gage Merchandising Servs., Inc*. 138 F. Supp. 2d 212, 215 (D. Mass. 2001) (where defendant treats a discrete class as exempt, notice is warranted); *Lynch v. United Services Automobile Association*, 491 F. Supp. 2d 357, 370 (S.D.N.Y. 2007) ("Courts typically authorize …notice upon a simple showing that other employees may also have been subjected to the employers' practice of "misclassifying."); *Patton v. Thompson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (notice granted because plaintiff was classified as exempt and all other employees with the same job title were also classified as exempt). These cases are consistent with the holding by the Supreme Court that notice may be authorized under § 216(b) of FLSA because "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. at 170.

A common and class-wide misclassification or ill-applied exemption is the quintessential collective action case. *See*, e.g. *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 818 (W.D.

Mo. 2005), (finding that plaintiffs met their burden for companywide conditional certification by showing that defendants had a policy of classifying all Plaintiffs as exempt, and not paying them overtime); *Geer v. Challenge Fin. Investors Corp.*, 2005 WL 2648054 at *2-4 (D. Kan. 2005) (granting company-wide notice to loan officers who were victims of the same compensation scheme).

Here, Plaintiffs declarations affirm (and Defendant's Answer and counter-claim concede) (1) Defendant made an across the board classification decision that all of its exotic dancers at its Norma Jeans exotic dance club "independent contractors" and not employees and (2) Defendant paid Plaintiffs and other exotic dancers no wages for performing job duties. These common and company-wide classification and compensation decisions - - resulting in class-wide FLSA minimum wage violations - - serve as the basis for Plaintiffs' Amended Collective Action Complaint and constitute good cause to permit Plaintiffs to send a Court-supervised notice to all effected individuals who worked as exotic dancers for Defendant during the time period January 2011 through the present.

## II.   NOTICE TO POTENTIAL PLAINTIFFS

1. In their Opposition, Defendant represents that it does not have or did not keep identifying information for each putative class member. As a consequence, Plaintiffs now also request the Court order that the Notice and Consent forms must be posted at Defendant's Norma Jeans exotic dance club in Baltimore, Maryland. To serve the purpose of notifying putative class members, the Notice and Consent Form necessarily should be ordered to be posted in a highly conspicuous place where all exotic dancers will see the Notice and Consent forms (*e.g.* dressing room and women's restroom).

Posting of the Notice and Consent forms at the exotic dance club location in addition to the mailing to those individuals for whom Defendant does have identifying information is essential given the instant special circumstances of Defendant's own creation. *See Whitehorn v Wolfgang's Steakhouse, Inc.*, 2011 WL 420528, at *2 (S.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail.") (*citing Malloy v. Richard Fleischman & Assocs. Inc.,* 2009 WL 1585979, at *4 (S.D.N.Y. 2009) (requiring defendant to "post the notice in each workplace where potential collective action members are employed" within ten business days of date of decision); *Garcia v. Pancho Villa's of Huntington Vill., Inc.,* 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) ("[W]hile defendants object to the posting of the Notice at their business locations--and request an order prohibiting it--such a practice has been routinely approved in other cases.").

2. Defendant argues Plaintiffs' proposed "opt-in" period set to expire on October 31, 2014 is too large. Instead, Defendant argues that a period of sixty (60) to ninety (90) days is more reasonable. Plaintiffs do not disagree. The October 31, 2014 date set by Plaintiffs contemplated a similar opt-in time period following extended briefing and possible oral argument on Plaintiffs' Motion. To satisfy Defendant's concern, Plaintiffs will agree to amend the proposed Notice to replace the proposed October 31, 2014 opt-in limitation date with a date seventy-five (75) days following the date Defendant is ordered to produce a list of the full names and addresses of each and every individual who worked as an exotic dancer for Defendant at its Norma Jeans exotic dance club from the time period January 2011 through the present.

3. As to the class period, Defendant erroneously contends that notice should be limited to exotic dancers who have performed services for Defendant within two (2) years, not

three (3) years as Plaintiffs propose.[3] To the extent Defendant argues Plaintiffs have not sufficiently argued factual circumstances evincing a willful violation, such an argument is premature. Whether an FLSA violation is willful is a factual issue often addressed on summary judgment or at trial. *See, e.g., Truslow v. Spotsylvania County Sheriff*, 783 F.Supp. 274, 279 (E.D.Va.1992) (summary judgment); *Chao v. Self Pride, Inc.*, 232 Fed.Appx. 280, 287 (4th Cir.2007) (trial); *Williams v. Maryland Office Relocators*, 485 F.Supp.2d 616, 621 (D.Md.2007) (summary judgment).

It is plainly improper, at this time, for the Court to make the factual determinations necessary to short a class period that might prove to be appropriate. Moreover, judicial economy is served by conditionally certifying and providing notice to a larger rather than a smaller class. *Houston v. URS Corp.*, 591 F.Supp.2d 827, 836-37 (E.D.Va. 2008). Therefore, the Court must conclude that, until the applicable limitations period is established, the class should be conditionally certified for the three (3) year period preceding the date Plaintiffs initiated this action.

4. Defendant requests to modify Plaintiff's proposed Notice to include language that potential plaintiffs may be responsible for counter-claims or other litigation related costs. Such a request must be rejected (1) because Defendant seeks the inclusion of this language purely for *in terrorem* effect to limit the number of potential plaintiffs and (2) because Defendant's counter-claims, in reality, have no likelihood of success. *See Green v. Executive Coach & Carriage*, 895 F. Supp. 2d 1026, 1029-31 (D. Nev. 2012) (in the absence of showing that counterclaims likely to succeed, defendant could not include in notice reference to counterclaims as part of "fair and accurate description" of the case.); *Whitehorn*, 767 F. Supp. 2d at 451 ("Defendants' request to

---

[3] The FLSA provides two potential limitations periods. For non-willful FLSA violations, a two (2) year statute of limitations applies. 29 U.S.C. § 255(a). When the violation is willful, a three (3) year statute of limitations applies. *Id.*

notify potential plaintiffs that they may be responsible for counterclaims or any other costs is denied."); *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *8 (E.D.N.Y. 2007) (rejecting such language because it "may have an *in terrorem* effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree.").

Allowing Defendants to notify putative plaintiffs of its proposed counter-claims frustrates the purpose of the FLSA. "The purpose of the FLSA is to ensure employer compliance with minimum wage and overtime standards." *Morrisroe v. Goldsboro Milling Company*, 884 F. Supp. 192, 195 (E.D.N.C. 1994) (*citing Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)). "To permit [an employer] in [a FLSA] proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process." *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983); *see also Heard*, 491 F.2d at 4 ("To clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the [FLSA]."); *Hodgson v. Lakewood Broadcasting Service, Inc.*, 330 F. Supp. 670, 673 (D. Colo. 1971) (holding that the minimum wages due to the employee under the FLSA were immune from the employer's claim for setoff for damages allegedly arising from the employee's breach of contract because the employee has a statutory guarantee of payment of minimum wages that could not be destroyed under a claimed right of offset).

Defendant's counter-claims are, in reality, futile attempts at affirmative defenses aimed to offset Defendant's FLSA wage payment and damages obligations to Plaintiffs and the putative class members. The affirmative defenses could only succeed if the monies received by Plaintiffs and the putative class members were legally service fees and not tips. Here, the monies were tips. *See e.g., Harrell v. Diamond A Entertainment, Inc.,* 992 F. Supp. 1343, 1358 (M.D. Fla. 1997) ("[M]onies that dancers receive from customers are tips, not wages, which cannot be

7

applied to offset completely an employer's obligation to pay a minimum wage."); *Reich v. ABC/York-Estes Corp.,* 1997 WL 264379 at *5 (N.D. Ill. 1997) (holding that payments for "table dances" at an exotic dance club were "tips"); *Reich v. Priba Corp.,* 890 F. Supp. 586, 595 (N.D. Tex. 1995) (same); *Martin v. Circle C Investments, Inc.,* 1991 WL 338239 (W.D. Tex. 1991) (same).

This exact point is well articulated by the Court in *Hart v. Rick's Cabaret International, Inc.*, 2013 WL 4822199 (S.D. N.Y. 2013)[4]. In *Hart*, the monies the plaintiffs received from the performance of private and semi-private dances could not count as service fees because the monies in question never passed through Defendant's gross receipts. "[S]ervice charges and other similar sums ***which become part of the employer's gross receipts*** are not tips for the purposes of the Act." 29 C.F.R. §531.55(b) (emphasis added); *Reich v. Priba Corp.,* 890 F. Supp. at 595 (holding that the fact not all funds paid to entertainers in exchange for dances were accounted for by the club meant the club did not consider such amounts to be the club's money and, therefore, could not credit those amounts as wages); *Reich v. ABC/York-Estes Corp.,* 1997 WL 264379 at *5 ("[A]n employer must include payments in its records as gross receipts as a prerequisite to 'service charge' classification under the FLSA.").

Defendant does not and cannot attempt to argue that the monies Plaintiffs and other putative plaintiffs received first passed through Defendant's gross receipts. Further, Defendant does not and cannot present the Court with any accurate or otherwise reliable records or ability to prove FLSA compliance through the amounts Plaintiffs and other putative plaintiffs received from performing private and semi-private dances. If the opposite were true, Defendant surely would have presented a contrary position in its Opposition papers.

---

[4] The opinion in *Hart* offers a lengthy and learned multi-page summary judgment opinion on this narrow topic. In its analysis, the *Hart* Court emphasizes the critical necessity of the gross receipts pass through and rejects the limited decision relied upon by Defendant in *Doe v. Cin-Lan, Inc.*, 2010 WL 726710 (E.D. Mich. 2010).

The purpose and spirit of the FLSA must not allow the Court to grant Defendant leave to notify putative plaintiffs of their clearly punitive intentions.  As a consequence, the Court must deny Defendants' request to modify the proposed Notice.  *See Ruffin v. Entertainment of the Eastern Panhandle*, 2012 WL 761659, *4 (N.D. W.Va. 2012) (The Court, in a substantially similar case, denied Defendants' request to reference substantially similar counterclaims on a nearly identical FLSA Notice to putative plaintiffs even after a later decision by the Court that these claims remained plausible for some unknown putative plaintiffs who would receive the opt-in notice).

### III.    CONCLUSION

Plaintiffs have met the applicable modest burden of demonstrated that Defendant perpetrated a common and class-wide pay scheme that violated the compensation rights of Plaintiffs as well as many other current and former exotic dancer employees.  As such, good cause exists for this Court to provide Notice to these similarly situated exotic employees of the existence of this action and their right to "opt-in" to this action as a mechanism of enforcing their right to recover unpaid wages and statutory damages.

WHEREFORE, Plaintiffs hereby respectfully request this Honorable Court:

A.    Enter an Order compelling Defendant to produce to Plaintiff's counsel, within fifteen (15) days, a list of the full names and last known addresses of each and every individual who worked as an exotic dancer for Defendant at any time since January 2011;

B.    Approve the attached "Important Notice" form for future use in notifying the group of potential plaintiffs;

  C. Enter an Order compelling Defendant to post the "Important Notice" and Consent Form necessarily in a highly conspicuous place where all exotic dancers will see the Notice and Consent forms for the entire opt-in period as set by the Court.

  D. And all other and further relief that the nature of this cause may require.

         Respectfully submitted,

         __/s/ Gregg C. Greenberg_____
         Gregg C. Greenberg, Bar No. 17291
         Zipin, Amster & Greenberg, LLC
         836 Bonifant Street
         Silver Spring, Maryland 20910
         Phone: 301-587-9373
         Fax: 301-587-9397
         Email: ggreenberg@zagfirm.com

         *Counsel for Plaintiffs*