IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIELLE EVERETT, *et al.* | * |
| | * |
| PLAINTIFFS, | * |
| | * |
| v. | *   Case No.:  1:14-cv-102 |
| | * |
| PP&G, INC. | * |
| | * |
| DEFENDANT. | * |

**************************************************************************

## AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT[1]

The parties to this action jointly seek approval of their settlement of Plaintiffs' claims against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. For good cause shown in this Motion, the Joint Motion should be granted and Plaintiffs claims against Defendant should be dismissed, with prejudice.

### I.    THE COURT SHOULD APPROVE THE PARTIES' SETTLEMENT

Courts disagree as to whether judicial approval is required in order to enter into private settlement agreement reached in the context of a civil lawsuit. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. La. 2012); *Sarceno v. Choi*, 2014 U.S. Dist. LEXIS 123926, 33 (D.D.C. 2014); *Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp. 2d 368 (E.D.N.Y. 2013) *as compared to Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  The Fourth Circuit has not addressed this issue directly.  District Courts in the Fourth Circuit, when asked to approve FLSA settlements, consider the following factors in reviewing an FLSA settlement:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings,

---

[1] The Confidential Settlement Agreement has been provided the Court directly to chambers under separate cover for an in camera review.

> including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10-11 (E.D. Va. 2009);

*Poulin v. Gen. Dynamics Shared Res., Inc.*, 2010 WL 1813497, at *1 (W.D. Va. 2010).

As to the first factor, the parties have engaged in full and extensive written discovery including an exchange of documents and sworn interrogatory responses. The parties have reviewed all records related to Plaintiffs' alleged work period and have taken into account the difficulty in accurately calculating Plaintiffs' exact hours worked each week and exact alleged damages.

As to the second factor, Defendant disputes the number of hours that Plaintiffs claimed to have worked. Defendant contends its records demonstrate that Plaintiffs worked substantially fewer hours than the amount Plaintiffs allege. The parties have also taken into consideration (1) Defendant's adamant argument that Plaintiffs were at all times contractors and were not employees with rights under the FLSA; (2) if Plaintiffs were found to be employees under the FLSA, that Defendant asserts it compensated Plaintiffs in compliance with the FLSA pay requirements; and (3) that Defendant is entitled to a full offset for all alleged service charges Plaintiffs allegedly received while working at Defendant's business location. These factual and legal disputes would have forced the case potentially all the way to a jury trial on the merits because without a legally certain determination as to the hours worked, it would be impossible to calculate Plaintiff's damages.

As to the third factor, in negotiating the Settlement Amount and non-monetary terms, the parties engaged in arms-length and good-faith negotiations with the assistance of a United

States Magistrate Judge. There was no fraud in the agreement. Prior to the settlement, Plaintiffs were given an opportunity to review all documents in Defendant's possession relating to their wages claim, considered the potential value of their claims, strongly considered the strength of Defendant's defenses, and concluded that the proposed settlement provides a fair and reasonable resolution of their claims. Defendant supports this result because it eliminates the substantial costs, uncertainties, and risks of further litigation.

As to the fourth factor, Plaintiffs' counsel and Defendant's counsel have extensive experience in investigating, litigating, and settling FLSA claims. Counsel for all parties are well equipped to advise - - and have advised - - the parties as to the suitability of the settlement proposed by the parties to this case.

As to the fifth factor, this matter was conditionally certified by the Court as a FLSA Collective Action. Thereafter, notice was served upon all putative class members. The putative class members were afforded ample opportunity to opt-in to this action. All opt-in Plaintiffs participated individually, or through proxy, in the negotiation of this settlement. This settlement in no way forecloses or otherwise prejudices the FLSA rights of any putative class member who did not opt-in to this action from asserting their FLSA claims in this Court or any other appropriate forum.

As to the sixth factor, a settlement of an employee's FLSA claims should be approved "if the settlement does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 477 (D. Md. 2010) (internal citations omitted). Courts have recognized "a role for less-than-full-value compromise in the FLSA settlement process." *Id.* These compromises reflect many factors, including disagreements over the number of hours worked. *See id.* The parties

took into account the possibility that a finder of fact may determine Defendant was not in violation of the FLSA or that if liability were found, any violation may be found to have been made in good faith and not to be willful.  Further, the parties considered the uncertainty and risks in litigation, including the jury's eventual determination as to how many hours Plaintiffs worked in a given workweek; the costs that each party will incur if the litigation continues; and Defendant's ability to pay settlement or judgment damages if this matter continues forward into litigation.

Moreover, Plaintiffs understand that, by entering into the Settlement Agreement, and in consideration of the promises made by the Defendant as set forth therein, Plaintiffs are agreeing (i) to dismiss their lawsuit with prejudice, with each party to be responsible for his own attorney's fees and costs, except as provided for under the Settlement Agreement; (ii) to keep strictly confidential the terms and amounts in the settlement; and (iii) to release and waive any and all causes of action, claims, demands, damages, attorney's fees, costs or charges that Plaintiffs may have had under the FLSA or otherwise in connection with Plaintiffs' relationship with Defendant prior to the date of the Settlement Agreement.  Plaintiffs acknowledge their decision to settle their lawsuit is voluntarily made of their own accord, without any pressure, coercion or undue influence by anyone. To ensure that the parties' Settlement Agreement is valid and enforceable, the parties jointly present the Confidential Settlement Agreement for the Court's in camera review and approval.

## II.    CONCLUSION

Therefore, the parties jointly request that this Court approve their Settlement Agreement as fair and reasonable, and enter an order of dismissal with prejudice pursuant to the terms of the Settlement Agreement.  Moreover, in an effort to avoid additional attorney's fees and costs

on both sides, and to expedite the finality of the settlement, the parties jointly request this Court approve this settlement without the need for a hearing.

Respectfully submitted,

  /s/ Gregg C. Greenberg
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(301) 587-9397 (fax)
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiffs*


/s/ David I. Weinstein[2]
_____
Robert B. Schulman, Bar No. 00068
David I. Weinstein, Bar No. 10715
Jennifer M. Valinski, Bar No. 14532
Schulman, Hershfield & Gilden, PA
1 East Pratt Street, Suite 904
Baltimore, Maryland 21202
P: 410-332-0850/ F: 410-332-0866
E: rbs@SHG-Legal.com

*Counsel for Defendant*

---

[2] Signed by Gregg C. Greenberg with express permission by David I Weinstein, Esquire.